UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYRAKAYE BUTLER : | |
|     Plaintiff : | |
| : | **JURY TRIAL DEMANDED** |
| v. : | C.A. No. |
| : | |
| ATNAZA, INC. d/b/a : | |
| DONNA KAY REST HOME, and : | |
| LUIZA WADE : | |
|     Defendants : | |

## COMPLAINT

### I.   JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction), in that her claims arise from both Federal and Massachusetts law.

2. Plaintiff is a citizen of the Commonwealth of Massachusetts.

3. Defendant Atnaza ("Atnaza") is a Massachusetts corporation with a principal place of business in Massachusetts.

4. Defendant Luiza Wade was at all times relevant hereto the Administrator of the Donna Kay Rest Home.

### II.   FACT ALLEGATIONS

5. At all times relevant to this litigation, Defendant Atnaza operated a nursing home in Worcester, Massachusetts.

6. Plaintiff was employed by Defendant Atnaza as a Certified Nurse Aide (CNA) beginning in or about October, 2019.

1

7. Defendant Wade was Plaintiff's supervisor, and determined the terms and conditions of Plaintiff's employment, including, but not limited to work hours, schedules, duties, and rates of pay.

8. At all times, Plaintiff's hourly rate was $14.00 per hour.

9. On various occasions, Plaintiff worked in excess of forty hours per week.

10. When Plaintiff worked in excess of forty hours per week, she was not given "time and a half" for those hours worked in excess of forty per week. Instead, the excess hours were "rolled over" into the next pay period in order to evade the obligation to pay "time and a half" for hours in excess of forty hours per week.

11. On numerous occasions, Plaintiff was required to without the rest and meal breaks mandated under Massachusetts law, and was not furnished with pay in compensation for lost rest and meal breaks.

12. On or about February 14, 2020, Plaintiff suffered from diarrhea, fever, and other flu-like symptoms, to the point that she was unable to report for her shift.

13. Plaintiff thus attempted to exercise her right to Earned Sick Time available to her under Massachusetts law.

14. Plaintiff gave her employer reasonable advance notice of her need to absent herself from work due to illness, that is, approximately six hours prior to the start of her shift.

15. Defendant Wade and Plaintiff engaged in a text communication regarding Plaintiff's need to call in sick.

16. As reflected by the text communication, Defendant Wade baselessly accused

Plaintiff of being "petty" and lying.

17. When Plaintiff maintained that she was too ill to come to work, Defendant Wade terminated Plaintiff via text.

18. Defendant Wade further sent a letter to Plaintiff dated February 19, 2020 stating that Plaintiff was being terminated because she was ". . . not accountable and reliable for this faculity [sic]."

19. On or about October 6, 2020, the Commonwealth of Massachusetts, Office of the Attorney General, issued Plaintiff an authorization to pursue those wage and hour and retaliation claims based on Massachusetts law.

## COUNT I
### (FAILURE TO PAY OVERTIME)
### FAIR LABOR STANDARDS ACT

20. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

21. At all times relevant hereto, Plaintiff was an "employee" of the Defendant Atnaza and Wade as that term is defined pursuant to 29 U.S.C. § 203(e).

22. At all times relevant hereto, Defendants Atnaza and Wade were Plaintiff's "employers," as that term is defined pursuant to 29 U.S.C. § 203(e).

23. On numerous occasions during Plaintiff's employment, Defendants Atnaza and Wade failed to pay Plaintiff "time and a half" for all hours worked in excess of forty hours, as required by 29 U.S.C. § 207(a)(2).

24. The actions of the Defendants were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff, and therefore warrant an

award of liquidated damages.

## COUNT II
## (FAILURE TO PAY OVERTIME)
## M.G.L. ch. 151 § 1A

25. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

26. At all times relevant hereto, Plaintiff was an "employee" of the Defendant Atnaza and Wade as that term is defined pursuant to M.G.L. ch. 151 § 1B.

27. At all times relevant hereto, Defendants Atnaza was Plaintiff's "employer," as that term is defined pursuant to M.G.L. ch. 151 § 1B.

28. At all times relevant hereto, Defendants Wade was an officer or agent of Atnaza, as that term is defined pursuant to M.G.L. ch. 151 § 1B.

29. On numerous occasions during Plaintiff's employment, Defendants Atnaza and Wade failed to pay Plaintiff "time and a half" for all hours worked in excess of forty hours, as required by M.G.L. ch. 151 § 1B.

30. The actions of the Defendants warrant an award of liquidated damages.

31. The actions of the Defendants were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff.

## COUNT III
## M.G.L. ch. 148 § 149
## (PAYMENT OF WAGES)

32. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

33. At all times relevant hereto, Plaintiff was an "employee" of the Defendant Atzana as

4

that term is defined pursuant to M.G.L. ch. 148 § 1.

34. At all times relevant hereto, Defendants Atzana and Waite were Plaintiff's "employer," as that term is defined pursuant to M.G.L. ch. 148 § 1.

35. M.G.L. ch. 148 § 149 requires that employers pay all wages due to employees no more than six days after the pay period in which they were earned.

36. Defendants failed to timely pay to Plaintiff all wages due her; specifically, they failed to pay Plaintiff overtime for all hours worked in excess of forty hours per week and/or failed to pay her for hours worked through meal breaks.

37. The actions of the Defendants warrant an award of liquidated damages.

38. The actions of the Defendants were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff

## COUNT IV
## M.G.L. 149 ch. § 148C
## (EARNED SICK LEAVE)

39. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

40. Defendants were "employers" as that term is defined under M.G.L. ch. 149 § 148C.

41. Under Massachusetts law, employees automatically accrue one hour of paid leave time for every thirty hours worked, referred to as "Earned Sick Leave."

42. Once an employee has worked ninety days for an employer, the employee may utilize Earned Sick Leave to care for his or her own illness, provided that the employee makes a good-faith effort to provide the employer with advance notice of the need to utilize Earned Sick Leave when the need is foreseeable.

43. Massachusetts law prohibits employers from interfering with, restraining, or

denying the exercise or attempt to exercise the right to Earned Sick leave.

44. Employers are prohibited for asking for medical documentation to support the use of Earned Sick Leave, unless the absence is for more than twenty-four consecutively scheduled work hours.

45. On February 14, 2020, Plaintiff had worked for Defendant Atnaza for a sufficient period of time to become eligible for Earned Sick Leave.

46. On February 14, 2020, Plaintiff attempted to exercise her right to Earned Sick Leave in order to attend to her own medical condition.

47. Defendants interfered and retaliated against Plaintiff for exercising her right to Earned Sick Leave by first demanding medical documentation, then terminating her.

48. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered financial and reputational harm, as well as emotional distress, personal inconvenience, worry, loss of enjoyment of life, and other non-pecuniary losses.

49. The actions of the Defendants were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff, and thus warrant an award of punitive damages.

## COUNT V (BREACH OF CONTRACT)

50. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

51. Plaintiff's employment contract with Defendant Atnaza contained an implied covenant of good faith and fair dealing.

52. Defendant Atnaza has violated said implied covenant of good faith and fair dealing

by failing to pay overtime, failing to pay for all hours worked, and terminating Plaintiff in retaliation for having attempted to exercise her right to Earned Sick Time.

53. Defendant Atnaza further breached the contract by failing to provide Plaintiff with rest and meal breaks.

54. As a result of the breach of the contract, Plaintiff has suffered and will continue to suffer monetary damages.

55. The actions of the Defendants were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff, and thus warrant an award of punitive damages.

## COUNT VI
### (TORTIOUS INTERFERENCE WITH CONTRACT)

56. Plaintiff re-alleges all averments contained in the paragraphs above as if fully restated herein.

57. Plaintiff derived economic advantage as a result of her employment by Atnaza.

58. Defendant Wade knew or should have known of the economic advantage derived by Plaintiff.

59. Defendant Wade willfully and deliberately interfered with the economic advantage derived from Plaintiff's employment by Atnaza by terminating her employment in retaliation for having exercised her right to Earned Sick Time under Massachusetts law.

60. Defendant Wade used improper means, and had improper motives in tortiously interfering with Plaintiff's employment with Atnaza.

61. As a direct and proximate result of the illegal activity of Defendant Wade, Plaintiff

has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

62. The actions of the Defendant Wade were taken in willful, wanton, and reckless disregard of the law, and were specifically calculated to injure the Plaintiff, and thus warrant an award of punitive damages.

### III.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court award:

1. Her back wages;
2. Front pay
3. Reinstatement
4. Liquidated damages;
5. Punitive damages
6. Interest;
7. Attorney's fees and costs;
8. Compensatory and punitive damages; and
9. Any other relief this Court may deem appropriate.

Respectfully submitted,

Myrakae Butler

By her attorney,

<u>/s/ Vicki J. Bejma</u>
Vicki J. Bejma BBO#653699
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com